# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE WOLK LAW FIRM a/k/a<br>Arthur Alan Wolk Associates | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA<br>NATIONAL TRANSPORTATION<br>SAFETY BOARD | : | NO. 19-1401 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                                                **October 10, 2019**

The Wolk Law Firm (Wolk), which represents aircraft accident victims and their families, brings three claims against the National Transportation Safety Board (NTSB), the agency responsible for investigating civil aviation accidents, for "obstruction of justice and violation of due process," violation of 49 C.F.R. § 837.4,[1] and violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for failure to provide materials requested. The NTSB moves to dismiss the first two claims on the basis of sovereign immunity and failure to state a claim.

Because we conclude that the NTSB enjoys sovereign immunity, we shall dismiss the challenged claims.

## Background

In the course of an investigation, the NTSB takes custody of wreckage and other evidence, such as photographs, videos, notes and witness statements.[2] Wolk has

---

[1] Wolk's Count II (mislabeled as Count III in the First Amended Complaint) is for violation of 14 C.F.R. § 837.4. No such C.F.R. exists. Wolk appears to bring its claim under 49 C.F.R. § 837.4, which governs the NTSB's production of non-public investigation materials.

[2] First Amended Complaint (FAC) ¶ 11 (ECF No. 9).

1

requested investigative materials related to ten civil aviation accidents in which it represents victims and their families.[3]  It also made a request under 49 C.F.R. § 837.4 for wreckage relating to one of the accidents.[4]  The NTSB has refused or failed to produce the requested materials.[5]

Invoking sovereign immunity,[6] the NTSB moves to dismiss Wolk's claims for obstruction of justice and violation of due process and violation of 49 C.F.R. § 837.4.[7]  It also argues that Wolk fails to state a claim for violation of due process because the rights allegedly violated are statutory, not constitutional.[8]

Wolk responds that the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.*, establishes "a broad presumption in favor of judicial review of agency action" notwithstanding the NTSB's assertion of sovereign immunity.[9]  It maintains that the NTSB's withholding and destruction of evidence violates its Fifth, Seventh and Fourteenth Amendment rights.[10] It contends that 49 C.F.R. § 837.4 contemplates subject matter jurisdiction over a claim under the regulation.[11]

In its reply, the NTSB points out that Wolk does not assert an APA claim in its First Amended Complaint (FAC).[12]  Even if it did, the NTSB asserts the claim would fail

---

[3] *Id.* pp. 20-26.

[4] *Id.* p. 20.

[5] *Id.* pp. 20-26.

[6] Def.'s Memo. in Supp. of Mot. to Partially Dismiss Pl.'s FAC 5-9 (ECF No. 16).

[7] It also separately moves to stay Wolk's FOIA claim.  Def.'s Mot. for a Stay Pursuant to 5 U.S.C. § 552(a)(6)(C) (ECF No. 17).

[8] *Id.* 7.

[9] Pl.'s Memo. in Supp. of Resp. to Def.'s Mot. to Partially Dismiss 16 (ECF No. 19).

[10] *Id.* 14-15.

[11] *Id.* 14.

[12] Def.'s Reply in Supp. of Motion to Partially Dismiss Pl.'s FAC 4 (ECF No. 20).

2

because Wolk has an adequate remedy provided by FOIA and because Wolk has failed to allege that the NTSB acted arbitrarily or capriciously in refusing to provide materials not covered by FOIA.[13]  It also argues that an APA claim is premature because the NTSB has not taken action that may be reviewed under the APA.[14]  The NTSB also contends that there is no private right of action for obstruction of justice.[15]

## Legal Standard

The standard of review of a motion to dismiss made pursuant to Rule 12(b)(1) depends on whether the motion is a facial attack or a factual attack.  *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014); *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).  Consequently, we must distinguish between facial attacks and factual attacks.  A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" because of some jurisdictional defect.  *Constitution Party*, 757 F.3d at 358.  In reviewing a facial attack, as we do in considering a Rule 12(b)(6) motion, we accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences arising from them in favor of the plaintiff.  *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A factual attack is "an argument that there is no subject matter jurisdiction because the facts of the case...do not support the asserted jurisdiction." *Constitution Party*, 757 F.3d at 358.  In other words, in a factual challenge to jurisdiction, the defendant disputes the allegations on which jurisdiction depends.  In that instance, we need not accept

---

[13] *Id.* 4.

[14] Def.'s Reply in Supp. of Motion to Partially Dismiss Pl.'s FAC 6 n.4.

[15] *Id.* 3.

3

plaintiff's allegations as true and we may consider materials outside the complaint to determine whether the exercise of federal jurisdiction is proper. *CNA v. United States*, 535 F.3d 132, 139, 145 (3d Cir. 2008).

The NTSB makes a facial challenge. It argues that the court lacks jurisdiction because the NTSB enjoys sovereign immunity as to Wolk's claims. Thus, we shall accept as true the facts as they appear in the FAC and draw all possible inferences from those facts in Wolk's favor.

**Analysis**

Unless waived, sovereign immunity shields federal agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is a complete defense because it divests the court of jurisdiction to hear the claim. *See United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000).

Wolk contends that 49 C.F.R. § 837.1 waives the NTSB's sovereign immunity because it contemplates receipt by an NTSB employee "of a subpoena, order, or other demand . . . by a court or other competent authority or by a private litigant." 49 C.F.R. § 837.1(a). A government regulation alone cannot waive sovereign immunity. *Heller v. United States*, 776 F.2d 92, 98 n.7 (3d Cir. 1985). The plaintiff must identify a statute that unequivocally waives immunity. *Clinton Cty. Comm'rs*, 116 F.3d at 1021 (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992) (additional quotations omitted)). Here, Wolk relies on 49 C.F.R. § 837.4. This regulation does not apply to actions against the NTSB. It "sets forth procedures to be followed when requesting material for use in legal proceedings (including administrative proceedings) in which the [NTSB] is *not a party* . . . ." 49 C.F.R. § 837.1(a) (emphasis added).

4

Wolk invokes the APA, which provides an express waiver of sovereign immunity. It permits a person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to bring an action for non-monetary relief. 5 U.S.C. § 702.

To seek relief under the APA, the plaintiff must assert a claim under it. *Clear Sky Car Wash LLC v. City of Chesapeake, Va.*, 743 F.3d 438, 445 (4th Cir. 2014) (finding plaintiff "cannot seek relief under the APA because it never asserted an APA claim in its complaint," notwithstanding reference to APA in statement of jurisdiction). In the FAC, Wolk does not specifically invoke the APA. But, because he could do so in a second amended complaint, we address the issue now in the interest of judicial economy and efficiency.

Under the APA, "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. The NTSB contends that an APA claim would fail because Wolk has an adequate remedy provided by FOIA.[16] Wolk seeks "documents, data and evidence" under FOIA.[17] His obstruction of justice and violation of due process claim seeks these materials and "wreckage."[18] His 49 C.F.R. § 837.4 claim seeks "wreckage and videos" from the Bates-Cullen crash.[19]

---

[16] The NTSB also "does not concede that each of its responses to plaintiff's FOIA requests is final." Def.'s Reply in Supp. of Motion to Partially Dismiss Pl.'s FAC 6 n.4. According to Wolk, pending administrative appeals of the NTSB's denials of its FOIA requests remain pending only as to the Farrar, Gentry, Gordon and Torres accidents. FAC pp. 20-26. The latest of these appeals was filed in April 2019. FAC pp. 22. Because other grounds exist for refusing to allow an APA claim, we do not decide if the NTSB has taken final action as to these requests.

[17] *Id.* p. 32 ("WHEREFORE" clause).

[18] *Id.* p. 28 ("WHEREFORE" clauses).

[19] *Id.* p. 29 ("WHEREFORE" clauses).

5

FOIA provides for the production of "records." 5 U.S.C. § 552(2)(D). "For purposes of the FOIA, the term 'records' does not include tangible objects." *Friedman v. U.S. Secret Serv.*, 923 F. Supp. 2d 262, 275 (D.D.C. 2013). Records include videos, but cockpit videos are exempt from production.[20] 49 U.S.C. § 1114(c)(1). As Judge Robreno noted in a similar action, "wreckage itself cannot be the subject matter of a FOIA request because it is not an 'agency record' that could be subject to FOIA." *Wolk Law Firm v. U.S. of Am. Nat'l Transp. Safety Bd.*, No.2:16-cv-05632, 2019 WL 2516054, at *9 (E.D. Pa. June 18, 2019). Because FOIA does not provide an "adequate remedy" to obtain cockpit videos and wreckage, an NTSB refusal to provide these materials is subject to judicial review.

A court may only compel the NTSB to produce these materials if its withholding of them was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). This standard "is narrow, and a court is not to substitute its judgment for that of the agency." *CBS Corp. v. F.C.C.*, 663 F.3d 122, 137 (3d Cir. 2011) (citing *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). An agency's action is arbitrary and capricious where it

> has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). Hence, a court may reverse an agency's decision only if it is not supported by substantial

---

[20] Wolk does not specify whether the "videos" it seeks include cockpit footage. It also submits its request for materials from the Bates-Cullen crash pursuant to 49 C.F.R. § 837, not FOIA. *Id.* p. 20.

6

evidence or the agency made a clear error in judgment. *Prometheus Radio Project v. F.C.C.*, 373 F.3d 372, 390 (3d Cir. 2004) (citation omitted).

Judicial review is limited to the administrative record. *Concerned Citizens Alliance, Inc. v. Slater*, 176 F.3d 686, 693 (3d Cir. 1999). Wolk attached to the FAC its requests for materials and the NTSB's responses. Although Wolk's obstruction of justice and violation of due process claim seeks wreckage of all the crashes referenced in the complaint, Wolk's request to the NTSB sought wreckage of only the Bates-Cullen crash.[21] Further, Wolk's request relating to the Bates-Cullen crash references only wreckage, not videos.[22]

The NTSB's refusal to produce the cockpit videos was not arbitrary, capricious or an abuse of discretion. Cockpit videos are statutorily exempt. 49 U.S.C. § 1114(c)(1).

On the face of the exhibits attached to the FAC, the NTSB's response to the request for wreckage was not arbitrary and capricious. The NTSB noted that it has exclusive authority to inspect aircraft crash wreckage.[23] *See* 49 U.S.C. § 1134. It explained that pursuant to this authority it needed the wreckage "for further testing as necessary" while continuing its investigation.[24] However, the NTSB assured Wolk that it would preserve all evidence related to the crash, consistent with the requirements of its investigation.[25] It reminded Wolk that the results of its investigation would be released publicly at the conclusion of its investigation.[26]

---

[21] *See generally id.* Ex. A (ECF No. 9-1).

[22] *Id.* Ex. A at 2-3.

[23] *Id.* Ex. A at 9.

[24] *Id.*

[25] *Id.*

[26] *Id.*

7

With respect to its obstruction of justice claim, Wolk has not identified a federal common law or statutory basis. Nor have we found any. Title 18, Chapter 73 of the United States Code establishes "Obstruction of Justice" crimes. 18 U.S.C. § 1501 *et seq.* It also creates two civil causes of action, one to restrain harassment of victims and witnesses, and the other to protect whistleblowers. *Id.* §§ 1514-1514a. Neither applies here.

This claim also asserts "a violation of Due Process under state and Federal Constitution and laws."[27] In its brief, Wolk claims that the NTSB violated its Fifth Amendment property rights, Seventh Amendment right to a jury, and Fourteenth Amendment due process rights.

Wolk cannot make out a claim under the Fourteenth Amendment. The Fourteenth Amendment applies only to the states. *B & G Constr. Co., Inc. v. Dir., Office of Workers' Comp. Progs.*, 662 F.3d 233, 246 n.14 (3d Cir. 2011) (citations omitted) (emphasis added). It does not apply to the federal government. *Id.*

The Fifth Amendment prohibits the deprivation of property without due process of law. U.S. CONST. amend. V. To state a claim for a Fifth Amendment violation, the plaintiff must have a legally cognizable property interest that is affected by the government's action. *Prometheus Radio Project v. F.C.C.*, 373 F.3d 372, 428 (3d Cir. 2004) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)). The Fifth Amendment does not create property interests. It protects property interests created and defined by "statutes, legal rules, or mutually explicit understandings . . . ." *Matter of Roberts*, 682 F.2d 105, 107 (3d Cir. 1982) (citing *Leis v. Flynt*, 439 U.S. 438, 441 (1979)) (additional

---

[27] FAC p. 28 ("WHEREFORE" clause).

citation omitted). Wolk has not cited any statutory or other basis to support his claim of a denial of a property right. Absent any established property right, there can be no deprivation giving rise to a claim.[28] *See id.* Hence, the Fifth Amendment claim must be dismissed.

The Seventh Amendment provides for trial by jury. U.S. CONST. amend. VII. We cannot discern how the Seventh Amendment is implicated. Even when Congress has waived the government's sovereign immunity, it has provided plaintiffs the right to a nonjury trial only. *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981). The APA does not provide a right to a jury trial. *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009).

**Conclusion**

The NTSB enjoys sovereign immunity. Even if it did not, Wolk fails to state claims for obstruction of justice, violation of due process or violation of 49 C.F.R. § 837.4. Therefore, we shall grant the NTSB's motion to dismiss.

---

[28] To the extent that Wolk bases its Fifth Amendment claim on the alleged FOIA violations, it fails. "[B]ecause of the comprehensive scheme which FOIA establishes, including the availability of appropriate injunctive relief, federal courts have held that due process deprivations cannot be premised on an alleged FOIA violation." *N'Jai v. U.S. Envtl. Prot. Agency*, No. 13-1212, 2014 WL 2508289, at *19 (W.D. Pa. June 4, 2014) (citing *Johnson v. Exec. Office for U.S. Attys.*, 310 F.3d 771, 777 (D.C. Cir. 2002)) (additional citations omitted).